# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

MARIA GUADALUPE §
HERNANDEZ, §
Fed. Reg. No. 57423-380, §
    Movant, §
§     **EP-18-CV-375-PRM**
v. §    **EP-15-CR-1334-PRM-1**
§
UNITED STATES OF §
AMERICA, §
    Respondent. §

## MEMORANDUM OPINION AND ORDER
## DENYING MOVANT'S MOTION TO VACATE

On this day, the Court considered Movant Maria Guadalupe

Hernandez's [hereinafter "Movant"] pro se "Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody" (ECF No. 246) [hereinafter "Motion"], filed on December 10,

2018; Government's "Response to Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside or Correct Sentence by a Person in Federal Custody"

(ECF No. 252) [hereinafter "Response"], filed on March 14, 2019;

Movant's "[Subsequent] Motion to Vacate, Set Aside, or Correct

Sentence, Pursuant to 28 U.S.C. 2255" (ECF No. 253) [hereinafter

"Subsequent Motion"], filed on March 18, 2019; and Movant's "Response

to Government's Response to Motion Under 28 U.S.C. 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF
No. 254) [hereinafter "Reply"], filed on March 25, 2019, in the above-
captioned cause. After due consideration, the Court is of the opinion
that Movant's Motion should be denied, for the reasons that follow.
Additionally, the Court is of the opinion that Movant should be denied a
certificate of appealability.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

While Movant worked as a manager at El Paso Federal Credit
Union [hereinafter "EPFCU"], a federal credit union chartered by the
National Credit Union Administration [hereinafter "NCUA"], she and
Codefendant, another EPFCU employee, conducted a bank and wire
fraud scheme. Indictment, Aug. 12, 2015, ECF No. 6. As part of the
scheme, Movant and Codefendant "issued 'unrecorded' share
certificates[1] and misappropriated the proceeds." Judgment 2, Dec. 14,
2017, ECF No. 227.

On August 12, 2015, a grand jury returned an eleven-count
indictment charging Movant with Bank Fraud in violation of 18 U.S.C.

---

[1] Credit unions issue share certificates in order to borrow money from
other financial institutions, and use the proceeds of the certificates to
fund their business and operations. Evidentiary Hr'g Tr. 17–19, Dec.
20, 2016, ECF No. 163.

§ 1344 (Counts One through Five); Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344 & 1349 (Count Six); Wire Fraud in violation of 18 U.S.C. § 1343 (Counts Seven through Ten); and Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 & 1349 (Count Eleven).   Indictment.

The Court issued a warrant, and on August 21, 2015, Movant was arrested.   Notice of Incarceration of Federal Prisoner, Sept. 15, 2015, ECF No. 36.   On the same day, attorney Mary Stillinger [hereinafter "counsel"] entered an appearance on behalf of Movant.   Appearance of Counsel, Aug. 21, 2015, ECF No. 14.

### A.   The Plea Offer and Plea Hearing

The Government drafted a plea offer in the above-captioned cause. *See* Subs. Mot. Ex. 2A–2.   The plea offer provides that "defendant agrees to plead guilty to Count Six of the Indictment currently pending," and in exchange, the Government would "agree[ ] to dismiss the remaining counts of the Indictment pending against Defendant." *Id.* at 1.   Movant signed the plea offer and made numerous marks on it, such as "??" and "No."   *Id.* at 5, 6, 11.

On May 23, 2016, Movant received an e-mail from counsel to

3

discuss Movant's legal defense, and "review what we have talked about." Subs. Mot. Ex. 2A–1. In the e-mail, counsel describes options for Movant's legal defense, including (1) going to trial, (2) pleading guilty to all charges in the Indictment, and (3) pleading guilty pursuant to the Government's plea offer. *Id.* Counsel specifically advises Movant about the Government's plea offer, stating that:

> We have discussed the fact that your potential sentencing guideline range is very high (although we did not discuss this last week, we discussed it previous). Based on the amount of loss the government suggests in its plea, your guideline range could be as high as 135–168 months (11–14 years). When you plead guilty, you receive a three-level reduction for what is called "acceptance of responsibility." Those three points would lower the potential to 97–121 months (8.5–10 years).

*Id.*

Counsel's e-mail also discusses evidence relevant to the case such as documents from the credit union and Movant's own statements to law enforcement, as well as the background of Codefendant and her credibility. *Id.* Counsel's e-mail further advises Movant that, "as you know" the plea hearing is set for the following day, May 24, 2016. *Id.*

One day later, on May 24, 2016, Movant appeared at a plea hearing before the Magistrate Judge. Plea Hr'g. Tr., Sept. 9, 2016, ECF No. 97. During the proceeding, Movant acknowledged that she

4

was present at the hearing to plead guilty to all eleven counts of the
Indictment:

> THE COURT: Okay. Now, you're here—here to plead guilty to
> an 11-count indictment charging you with several counts of bank
> fraud, conspiracy to commit bank fraud, several counts of wire
> fraud, and the charge of conspiracy to commit wire fraud. Do you
> understand those charges?
> DEFENDANT HERNANDEZ: Yes, sir.

*Id.* at 5. Movant affirmatively indicated on the record that she was
"able to communicate with [her] attorney about [her] charges," that she
was "satisfied with the representation and advice given to [her] by [her]
attorney," and that she had discussed with her attorney "any possible
defenses to the charge against [her]." *Id.* at 9, 21. The Magistrate
Judge reviewed each of the counts of the Indictment with Movant, and
Movant indicated that she understood the charges against her. *Id.* at
24–28. Movant then entered a plea of guilty to each of the eleven
counts of the Indictment. *Id.* at 31–32.

### B. The Presentence Investigation Report and Evidentiary Hearing

After the plea hearing, a probation officer prepared an initial
Presentence Investigation Report [hereinafter "PSR"] for the Movant,
entered on August 12, 2016. PSR, Aug. 12, 2016, ECF No. 78. On

5

August 30, 2016, counsel contacted the probation officer to make objections to the PSR on behalf of Movant. Second Addendum to PSR Attach. 1, Sept. 2, 2016, ECF No. 91. Counsel objected to the amount of loss attributable to Movant, the number of victims of Movant's conduct, and the conclusion that Movant's access to check-making equipment at EPFCU qualified for an upward adjustment. *Id.* at 1–2.

Subsequently, on September 7, 2016, the Court held an evidentiary hearing to determine the amount of monetary loss in the case. Evidentiary Hr'g Tr. 1, Dec. 20, 2016, ECF No. 163. The Government called and questioned, and counsel for Movant cross-examined, Steven Lillie, a certified public accountant. *Id.* at 7–61. Mr. Lillie conducted a fraud investigation of EPFCU over a limited period of time, and testified that during this time EPFCU accumulated a loss of 3.88 million dollars due to fraud. *Id.* at 22. The Government also called and questioned, and counsel for Movant cross-examined, Jennifer Murphy, a Director at NCUA. *Id.* at 61–80. Ms. Murphy testified that NCUA made an insurance payment of 18.38 million dollars to cover EPFCU's losses attributable to fraud. *Id.* at 63.

Prior to sentencing, the probation officer produced two subsequent

addendums to the PSR in response to updates from the Court's evidentiary hearing and objections of the parties. Second Addendum to PSR, Sept. 2, 2016, ECF No. 91; Third Addendum to PSR, Sept. 16, 2016, ECF No. 99. At the time of Movant's sentencing, the PSR indicated that "[a]s a result of the fraudulent scheme," NCUA made a "total payout of $18,325,613.69" as a result of "the unrecorded EPFCU share certificates which had been issued by Hernandez," and the "accumulated interest for these same share certificates." PSR ¶ 9, Sept. 16, 2016, ECF No. 100. The probation officer also found that "[b]ased upon a total offense level of 38 and a criminal history category of I, the guideline imprisonment range is 235 months to 293 months." *Id.* at ¶ 131.

### C.   The Sentencing Hearing

On September 21, 2016, the Court held Movant's sentencing hearing. Sentencing Hr'g Tr., Nov. 28, 2016, ECF No. 158. During the proceedings the Court asked Movant, "[h]ave you had enough time to review the revised report and to discuss it with your lawyer before today's hearing?" *Id.* at 3. The Movant replied, "Yes, Your Honor." *Id.* The Court then reviewed Movant's PSR, discussed Movant's

offense level, and heard counsel's numerous objections on sentencing enhancements. *Id.* at 6–13.

Expanding on previous objections to the PSR, counsel objected to adding twenty levels to the base offense level and sought to cap the loss attributable to Movant at roughly three million dollars rather than over eighteen million dollars. *Id.* at 6. In making the objection, Counsel argued that a full forensic audit should have been conducted in the case to determine the amount of loss attributable to Movant, rather than relying on the limited audit conducted by Mr. Lillie measuring only losses of 3.88 million dollars. *Id.* at 19. The Court denied the objection. *Id.* at 29–30. Counsel also objected to a two-level enhancement based on Movant's use of an authentication feature[2] to issue fraudulent bank documents. *Id.* at 6–7. The Court denied the objection based on its interpretation of statutory language. *Id.* at 11. Lastly, counsel objected to a two-level enhancement related to the

---

[2] An authentication feature is "any hologram, watermark, certification, symbol, code, image, sequence of numbers or letters, or other feature that either individually or in combination with another feature is used by the issuing authority on an identification document, document-making implement, or means of identification to determine if the document is counterfeit, altered, or otherwise falsified." 18 U.S.C. § 1028(d)(1).

number of victims of the crime, which the Court granted. *Id.* at 7–8.

After granting counsel's objection to a sentencing enhancement related to the number of victims of the crime, the Court determined that Movant's sentencing range was 188 to 235 months. *Id.* at 30. The Court sentenced Movant to a term of imprisonment of 188 months as to each of the eleven counts, with the terms of imprisonment to be served concurrently. J. Crim. Case 2, Sept. 30, 2019, ECF No. 112. The Court also sentenced Movant to a term of five years' supervised release, and ordered Movant to pay a special assessment fee, a fine, and restitution. *Id.* at 3, 7.

### C.    The Appeal

On October 4, 2016, after sentencing, counsel filed a "Motion to Withdraw as Counsel of Record and for the Appointment of Counsel" (ECF No. 116) [hereinafter "Motion to Withdraw"]. Therein, counsel indicated that her representation was "only before the District Court and did not involve any other representation," and wished to withdraw as attorney of record. Mot. Withdraw 1. Counsel also incorporated in the Motion to Withdraw a request that the Court appoint counsel for the purpose of Movant pursuing an appeal. *Id.* at 2. The Court

granted in part and denied in part the Motion to Withdraw, granting counsel's request to withdraw but denying Movant's request for court-appointed counsel on appeal. Order Approving and Adopting R. & R., Oct. 28, 2019, ECF No. 131.

Also on October 4, 2016, Movant filed a "Notice of Appeal" (ECF No. 117), appealing the Court's final judgment, conviction and sentence to the United States Court of Appeals for the Fifth Circuit. On November 14, 2016, attorney Felix Valenzuela [hereinafter "appellate counsel"] filed an "Entry of Appearance of Appellate Counsel" (ECF No. 148), wherein he indicated that he would act as Movant's counsel for the appeal.

Movant raised arguments before the Fifth Circuit that (1) the sentencing enhancement for using an authentication features does not apply to Movant based on statutory meaning, and (2) the Court erred in how it calculated the amount of loss in the case. Judgment 4–6. On November 22, 2017, the Fifth Circuit issued a Judgment. *Id.* at 1. After considering the cause "on the record on appeal and the briefs on file," the Fifth Circuit held that "the Judgment of the District Court is affirmed." *Id.*

On November 28, 2017, after the Fifth Circuit issued its judgment, Movant requested a copy of "the PSI report" from appellate counsel. Mot. Ex. A–10, at 1.   Movant stated that during proceedings before the Court, "I never was given a P.S.I. report by my probation officer or my attorney." *Id.*   On December 4, 2017, Movant then stated in a letter to appellate counsel that "I understand that my sentence and conviction has been up[]held by the Fifth Circuit Court, am I correct . . . just want to verify with you if that is correct since I have not heard from you." Mot. Ex. A–11, at 2.

On December 8, 2017, Jeremy Gordon, a legal consultant, confirmed to Movant in an e-mail that the Fifth Circuit affirmed the Court's Final Judgment on November 22, 2017.   Mot. Ex A–11, at 1. The same day, Movant sent an e-mail to appellate counsel and stated that she wanted to make an objection related to there being "several incorrect/lies in the PSI," implying she wished to make an objection to the PSR through a panel rehearing of the Fifth Circuit's Judgment.   *Id.* at 3.

On December 11, 2017, Movant filed a "Pro Se Petition for Rehearing," requesting leave to file a petition for panel rehearing.

Mot. Ex. A–12.   The Fifth Circuit took "no action on [the] motion" because "the time for filing an extension or the petition for rehearing under Fed. R. App. P. 40 . . . expired."   BR–9 Letter, *United States v. Maria Hernandez*, Case No. 16-51226, Jan. 5, 2018, Doc. No. 514295928.   The Court also indicated that Movant could not continue to represent herself pro se until appellate counsel had withdrawn from the case.   *Id.*

On December 19, 2017, appellate counsel sent a copy of the Fifth Circuit's opinion and judgment to Movant, and stated therein that "you have 90 days from December 14, 2017 to file a writ of certiorari to the United States Supreme Court."   Mot. Ex. A–13.   Appellate counsel also indicated that "[a]s we discussed yesterday, you informed me that you intend to contact another attorney to handle the writ."   *Id.*

### D.   Procedural History

On December 10, 2018, Movant filed her Motion, challenging the validity of her sentence based on ineffective assistance of counsel and prosecutorial misconduct.   Mot. 13–22.   On December 17, 2018, Movant also submitted "new evidence" which she argues provides grounds for relief.   Mot. Ex. C, at 3, Dec. 17, 2018, ECF No. 247.   On

March 14, 2019, the Government filed its Response, arguing that Movant's Motion should be denied. Resp. 1. On March 18, 2019, Movant filed her Subsequent Motion, again alleging ineffective assistance of counsel and prosecutorial misconduct. Subs. Mot. 1. On March 25, 2019, Movant filed her Reply to the Government's Response. Reply 1.

As to her ineffective assistance of counsel claims, Movant asserts that counsel provided constitutionally ineffective assistance when she failed to: (1) investigate Movant's case and hire an investigator, as requested; (2) interview additional witnesses; (3) advise Movant on pleading guilty and review the plea offer with Movant; and (4) properly review the PSR with Movant, make objections to the PSR, and introduce additional evidence before sentencing. Order for Resp. Answer 2, Jan. 16, 2019, ECF No. 248; Mot. 13–17. Movant also asserts that appellate counsel provided ineffective assistance of counsel when he failed to (5) timely notify Movant of the filing deadline for a panel rehearing. Order for Resp. Answer 2; Mot. 16. As to Movant's prosecutorial misconduct claims, Movant asserts that the prosecutor violated her constitutional rights by: (1) failing to disclose favorable

evidence; and (2) making false statements.   Order for Resp. Answer 2–3; Mot. 18–22.   Movant also argues that her "new evidence" demonstrates that Codefendant "committed the fraud."   Mot. Ex. C, at 3.   For these reasons, Movant asks the Court to "vacate, set aside or correct" her sentence of 188 months' imprisonment imposed by the Court.   Mot. 12.

## II.   LEGAL STANDARD

### A.   Section 2255 Motions

The 28 U.S.C. § 2255 motion "provides the primary means of collateral attack on a federal sentence."   *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).   Relief pursuant to § 2255 "is warranted for any error that occurred at or prior to sentencing."   *Id.* (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)).   Before a court will grant relief pursuant to § 2255, a movant must establish:   (1) their sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.   *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995)

(citations omitted).

A § 2255 motion is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). Courts abide by a "general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, the cause and prejudice rule does not apply to ineffective-assistance of counsel claims, as "requiring a criminal defendant to bring ineffective-assistance-of-counsel claims on direct appeal does not promote [judicial] objectives." *Id.*

Furthermore, § 2255 collateral attacks are "reserved for transgressions of constitutional rights and for that narrow compass of other injury that . . . would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Thus, "[n]onconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (citing *Capua*, 656 F.2d at 1037). "[N]onconstitutional claims

that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Capua*, 656 F.2d at 1037.

## B.   Ineffective Assistance of Counsel

A movant may collaterally attack a sentence by alleging ineffective assistance of counsel pursuant to the Sixth Amendment. *Lee v. United States*, 137 S. Ct. 1958, 1963–64 (2017).   A court analyzes an ineffective assistance of counsel claim presented in a § 2255 motion pursuant to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).   *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001).

To succeed on a claim of ineffective assistance of counsel pursuant to *Strickland*, a movant must prove:   (1) that their counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense.   *Strickland*, 466 U.S. at 689–94.   In order to show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694.

The burden of proof falls on a movant alleging ineffective assistance of counsel. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999). If the movant fails to prove one prong of the *Strickland* test, it is not necessary to analyze the other. *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."). In addition, when assessing an objective reasonableness the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

## III. ANALYSIS

Here, the Court assesses Movant's claims of ineffective assistance of counsel and prosecutorial misconduct, as well as Movant's claim that new evidence implicates Codefendant in Movant's crimes. The Court evaluates each of Movant's ineffective assistance of counsel claims in turn, and determines that Movant's claims should be denied because they do not have merit. The Court also denies Movant's claims of prosecutorial misconduct and her claims that new evidence implicates

Codefendant because Movant fails to meet the procedural requirements for raising these claims.

## A.    Ineffective Assistance of Counsel

When assessing claims for ineffective assistance of counsel, Movant bears the burden of demonstrating that counsel's representation "fell below an objective standard of reasonableness" and "prejudiced the defense." *Strickland*, 466 U.S. at 687–88.   The Court concludes that Movant fails to meet her burden for showing ineffective assistance as a result of counsel's alleged failure to:   (1) investigate Movant's case and hire an investigator; (2) interview additional witnesses; (3) advise Movant on pleading guilty and review the plea offer with Movant; and (4) properly review the PSR with Movant, make objections to the PSR, and introduce additional evidence before sentencing.   The Court also concludes that Movant fails to meet her burden for showing ineffective assistance as a result of appellate counsel's alleged failure to (5) timely notify Movant of the filing deadline for a panel rehearing.

### 1.    Failure to Investigate

Movant asserts that counsel provided ineffective assistance when

she failed to (1) "thoroughly investigate the case," and (2) "hire an investigator as requested." Mot. 13. Specifically, Movant alleges that counsel had failed to "check[ ] [Movant's] personal accounts" related to a bank transaction, and investigate Codefendant's certificates of deposit. Mot. 13, 16.[3] However, the Court concludes that counsel provided objectively reasonable assistance in investigating the case, and Movant fails to present credible evidence to support her allegations and show prejudice.

An attorney has an obligation to conduct a reasonable amount of investigation during the representation of a criminal defendant. "[I]nvestigations into mitigating evidence should comprise efforts to discover *all reasonably available* mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor." *Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (emphasis in

---

[3] Movant further alleges that "Counsel failed to investigate inmate[']s mental state at the time of trial and plea." Mot. 15. The Court is of the opinion that this claim is barred, because Movant makes no showing that counsel knew mental impairment might be a defense. *See Byrne v. Butler*, 845 F.2d 501, 513 (5th Cir. 1988) ("[Movant] must still demonstrate, however, that his attorneys had some indication that mental impairment might prove a promising line of defense.").

original). The Fifth Circuit also recognizes that "[w]e must be particularly wary of argument[s] [that] essentially come[ ] down to a matter of degrees. Did counsel investigate enough?" *Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000). When a movant alleges ineffective assistance of counsel based on a failure to investigate, the movant must "allege with specificity what the investigation would have revealed and how it would have benefitted him." *United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000).

The Court concludes that Movant cannot establish ineffective assistance for a failure to investigate because counsel performed an objectively reasonable level of investigation. Evidence submitted by Movant demonstrates that counsel investigated documents from EPFCU, the background of Codefendant, and Movant's own statements to law enforcement, which the Court concludes constitutes objectively reasonable investigation. *See Dowthitt*, 230 F.3d at 749 (denying relief when counsel reviewed evidence and investigated Petitioner's background). The Court also declines to hold that counsel was required to investigate all of the materials Movant suggests or hire an investigator. Such a ruling would make an impermissible judgment on

the degree to which counsel investigated, and intrude on counsel's "virtually unchallengeable" strategic decisions. *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994).

Furthermore, Movant fails to meet her burden of alleging prejudice with specificity. She does not allege how an investigation into her personal bank accounts, Codefendant's certificates of deposit, or information obtained by a private investigator would lead to a more favorable outcome in her case. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (concluding that Movant "has been unable to show what further investigation would have revealed and how it would have helped him.").

Similarly, the Court will not entertain Movant's allegations which are speculative. Movant states that her last day of employment at EPFCU occurred before the day on which several of the charges against her ended, and that counsel failed to investigate these facts as a defense. Mot. Ex. A–7. However, Movant fails to elaborate why these facts might amount to a legal defense or warrant additional investigation. Thus, the Court concludes these conclusory allegations do not support an ineffective assistance of counsel claim. *See Ross v.*

*Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("a court cannot consider a habeas petitioner's bald assertions . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

The Court is of the opinion that counsel's investigation met an objective standard of reasonableness, and that Movant fails to show she was prejudiced by counsel's conduct. Accordingly, Movant's claims of ineffective assistance regarding counsel's investigation fail.

    2.    Failure to Interview Additional Witnesses

Movant asserts that her counsel provided constitutionally ineffective assistance when she failed to "call witnesses [Movant] asked her to interview," such as Luis Feria (Senior Teller), Andy Reta (Teller), April Rodriguez (former Senior Teller), Rosa Montanez (Codefendant's maid), and Ernesto Ramirez (former Asarco employee with whom Codefendant was allegedly having an affair). Mot. 13. Because Movant pled guilty and did not go to trial, the Court construes Movant's claims as alleging counsel failed to interview witnesses during an investigation. The Court concludes that Movant's claims fail because counsel's decision not to interview witnesses was objectively reasonable,

and Movant fails to show prejudice as a result of counsel's alleged errors.

When assessing an ineffective assistance of counsel claim for failing to investigate a witness, the Fifth Circuit recognizes that "[w]hile a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance." *Gray v. Lucas*, 677 F.2d 1086, 1093 n.5 (5th Cir. 1982). In addition, like for any failure to investigate claim, Movant must show how additional investigation "would have benefitted him." *Glinsey*, 209 F.3d at 393. For example, a Movant must show how testimony from a witness "would have been exculpatory," or how further investigation would make a sentence "significantly less harsh." *United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014); *Glinsey*, 209 F.3d at 393.

First, the Court concludes that counsel provided objectively reasonable assistance in investigating witnesses. Counsel conducted an adequate investigation by reviewing Movant's statements to law enforcement, documents from EPFCU, and Codefendant's background.

Nothing in the record suggests that counsel failed to investigate a crucial witness, which would demonstrate ineffective assistance. *See Gray*, 677 F.2d at 1093 n.5. In addition, Movant concedes that "since Movant had talked to the FBI, apparently [counsel] did not think there was a reason to [interview additional witnesses]." Subs. Mot. 3. The Court concludes that counsel's decision not to interview witnesses was an objectively reasonable "strategic choice[]." *Bryant*, 28 F.3d at 1415. Accordingly, the Court is of the opinion that counsel provided effective assistance in investigating witnesses.

Furthermore, Movant fails to allege prejudice as a result of counsel's alleged failure to investigate witnesses. Movant argues that additional witnesses could "verify who did loans and Certificate of Deposits" at EPFCU, corroborate that "[Codefendant] had [Movant's] password and codes to log on to [Movant's] computer," support Movant's claims that the board at EPFCU had "gotten paid thr[o]u[gh] the years" as part of the fraud, and verify that Codefendant had performed inappropriate transactions and "taken $2,000" from an EPFCU fund. Mot. 14–15; Subs. Mot. 3. Essentially, Movant claims that she was prejudiced because additional witnesses could verify that Codefendant

and the Board of Directors at EPFCU were culpable parties involved in Movant's case.

The Court is of the opinion that Movant fails to use credible evidence to corroborate her claims that witnesses would testify to the culpability of other parties. Thus, she cannot show prejudice because her claims amount to unsupported conclusions. *See Ross*, 694 F.2d at 1011 ("a court cannot consider a habeas petitioner's bald assertions"). Additionally, assuming *arguendo* that Movant's allegations are credible, the Court is of the opinion that Movant still fails to show prejudice. Movant does not demonstrate how evidence related to other individuals' culpability would have any direct impact on her guilt or sentence. *See Glinsey*, 209 F.3d at 393 (noting that a movant must show how an investigation "would have benefitted him.").

Finally, Movant makes allegations related to prejudice that are not relevant to her Motion. She asserts that witnesses could establish that "Movant had nothing to do with Mr. Valverde and that Codefendant was in lust with [him]." Subs. Mot. 2. Investigators interviewed Mr. Valverde about a small number of suspicious checks issued by EPFCU on behalf of Mr. Valverde's laundry business. PSR

¶ 75, Sept. 16, 2016, ECF No. 100. Thus, Mr. Valverde played only a small role in the initial investigation into Movant's fraudulent activity. Accordingly, the Court is of the opinion that Movant's allegations related to Mr. Valverde do not meet the bar for prejudice because Mr. Valverde is not closely related to Movant's case, and an investigation into Mr. Valverde would not substantially benefit Movant. *See Glinsey*, 209 F.3d at 393.

The Court concludes that counsel provided objectively reasonable assistance in interviewing witnesses, and that Movant fails to credibly allege that counsel's representation prejudiced her. Therefore, Movant's claims of ineffective assistance regarding interviewing witnesses fail.

3. <u>Failure to Advise Movant on Pleading Guilty and Review the Plea Offer with Movant</u>

Movant asserts that counsel "failed to discuss possible defenses" when consulting with Movant about pleading guilty in the above-captioned cause. Mot. 15. Movant also alleges counsel "failed to go thr[o]u[gh] the plea agreement" with Movant, and gave her "less than 24 hours to go over the [Government's plea offer]" and "sign and return [it] without any help." Mot. 15. However, the Court is of the opinion

that counsel provided an objectively reasonable level of assistance related to Movant's plea and the Government's plea offer, and that Movant fails to allege how she was prejudiced by her counsel's assistance. Therefore, Movant's claims fail.

The objective "standard of attorney competence" applies to counsel's assistance in entering a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Counsel must also inform a client about the relevant consequences of a plea. *See Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) ("It is quintessentially the duty of counsel to provide her client with available advice about an issue like deportation."). Regarding plea offers, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012).

In order to establish prejudice as to ineffective assistance in entering a guilty plea, a movant must demonstrate "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. A movant must then show that going to

trial objectively would have given them a "reasonable chance of obtaining a more favorable result." *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016).

In order to establish prejudice when a movant alleges they would have accepted a plea offer but for the advice of counsel, a movant must show a reasonable probability that: (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

First, the Court is of the opinion that counsel provided an objectively reasonable level of assistance in advising Movant on entering a guilty plea to the eleven counts of the Indictment. The evidence Movant herself submitted demonstrates that counsel advised Movant on her options as to pleading guilty, accepting the government's plea offer, or going to trial. Counsel not only e-mailed Movant about

these options on May 23, 2016, prior to the Court's plea hearing, but also indicated in the same e-mail that she discussed these options with Movant prior to May 23, 2016. In addition, Movant affirmatively indicated at the plea hearing that she had communicated with counsel about the charges, was satisfied with her counsel's representation, and had discussed defenses to the charges with counsel. Accordingly, the Court concludes that counsel provided objectively reasonable assistance in advising Movant on entering her plea.

The Court is also of the opinion that counsel provided reasonably effective assistance in advising Movant about the Government's plea offer. Counsel discussed the plea offer and its consequences with Movant, writing in an e-mail that "based on the amount of loss the government suggests in its plea, your guideline range could be as high as 135–168 months." Subs. Mot. Ex. 2A–1. Movant also made detailed notes on her own personal copy of the plea offer. The notes indicate that Movant read and comprehended the plea offer, and had sufficient time to review it. Thus, the Court concludes that counsel's assistance related to the plea offer was objectively reasonable.

Furthermore, the Court determines that Movant cannot show she

was prejudiced by ineffective assistance in entering a guilty plea. Movant alleges that counsel failed to discuss possible defenses with her prior to entering a guilty plea. However, Movant does not show with specificity how a discussion with counsel about these unspecified defenses would have led Movant not to enter a guilty plea, and instead "obtain[] a more favorable result" at trial. *Batamula*, 823 F.3d at 240. Therefore, Movant fails to show prejudice as to entering a guilty plea.

Similarly, Movant fails to show prejudice due to ineffective assistance related to the Government's plea offer. Movant asserts that but for her counsel's alleged ineffective assistance, she "would have agreed to the one Count [in the plea]." Subs. Mot. 2. Because the Government's plea offer only required Movant to plead guilty to one, rather than eleven, counts of the Indictment, the Court is of the opinion that there is a reasonable probability that by accepting the plea offer Movant would have obtained a sentence which "would have been less severe than [the one] imposed." *Lafler*, 566 U.S. at 164.

However, Movant has not made a showing that but for counsel's ineffective assistance, the plea offer would have been "presented to the Court," or that the Court would have "accepted its terms." *Id.*

Movant signed her copy of the Government's plea offer, but did not provide evidence to show at what time she signed it or whether she submitted it, undermining her claim that she intended to accept the plea offer and present it to the Court. Movant also provided no evidence to demonstrate that the Government was still offering the plea at the time of the plea hearing. Thus, Movant cannot show by a reasonable probability that the plea offer would have been presented to and accepted by the Court. As a result, the Court concludes that Movant was not prejudiced by counsel's assistance with the plea offer.

Movant fails to show that counsel provided objectively ineffective assistance in advising her on entering a plea or failing to accept the Government's plea offer. Movant also fails to show she was prejudiced as a result of the same. Accordingly, the Court is of the opinion that Movant's ineffective assistance claims related to her plea and the Government's plea offer fail.

4. Failure to Properly Review the PSR with Movant, Make Objections to the PSR, and Introduce Additional Evidence Before Sentencing

Movant asserts that counsel provided ineffective assistance in sentencing because she "never went thr[o]u[gh] the PSR with

31

[Movant]," failed to spend more than fifteen minutes reviewing the PSR with Movant, and deprived Movant of an opportunity to make objections to the PSR.  Mot. 15.  Movant also alleges that counsel provided ineffective assistance by failing to dispute particular facts in the PSR relevant to her sentence, such as the amount of loss attributable to her conduct.  Mot. 18–19.  Furthermore, Movant alleges that the figures she provided to FBI agents regarding payments to the Board of Directors should have been introduced at the Court's evidentiary hearing.  Mot. 14.  However, the Court is of the opinion that Movant provided objectively reasonable assistance related to the PSR and evidentiary hearing, and that Movant fails to show prejudice.

In the context of ineffective assistance of counsel claims related to sentencing, the Fifth Circuit has held that "Counsel is required to research facts and law and raise meritorious arguments based on controlling precedent . . . but the law of this circuit is clear that counsel need not anticipate changes in the law or raise meritless objections." *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009).  When considering whether a Movant has been prejudiced by an attorney's assistance during sentencing, "any amount of actual jail time has Sixth

Amendment significance." *Glover v. United States*, 531 U.S. 198, 203 (2001).

The Court is of the opinion that counsel provided objectively reasonable assistance in reviewing the PSR with Movant. Movant stated at the Court's sentencing hearing that she had sufficient time to review the Court's revised PSR and discuss it with counsel, contradicting the claims in her Motion. Furthermore, because Movant had the opportunity to view the PSR prior to sentencing, the Court concludes that Counsel did not deprive Movant of the opportunity to raise additional objections to the PSR.

In addition, the Court is of the opinion that counsel provided objectively reasonable assistance in making objections to the PSR. Counsel made objections to the number of victims, the use of an authentication feature, and, contrary to Movant's assertions, the amount of loss. Thus, the Court concludes that counsel provided an objectively reasonable level of assistance in making these pertinent objections.

Furthermore, the Court determines that counsel was not required to introduce irrelevant evidence prior to sentencing. Movant alleges

that counsel should have introduced evidence about payments to the Board of Directors at the Court's evidentiary hearing. However, the Court is of the opinion that these "questionable payments," noted in the PSR, do not relate to Movant's sentence or the amount of loss determined at the Court's evidentiary hearing. PSR ¶ 24, Sept. 16, 2016, ECF No. 100. Accordingly, the Court concludes that it should not hold counsel responsible for failing to pursue a meritless legal strategy. *See Fields*, 565 F.3d at 296 (holding that counsel did not provide ineffective assistance when they failed to make an objection based on an overturned panel opinion).

Finally, the Court is of the opinion that Movant fails to show prejudice. Movant makes no showing as to how further review of her PSR with counsel would have led to an additional objection resulting in a reduced sentence. Movant also does not show how additional objections to the amount of loss would result in a different calculation of the amount of loss by the Court.[4] Lastly, Movant makes no showing as to how introducing evidence related to payments to the Board, already

_____

[4] The Court notes that the Fifth Circuit denied an appeal related to counsel's objection to the amount of loss, providing further evidence that additional objections to the amount of loss would not result in a reduction of Movant's sentence.

noted in the PSR, would alter Movant's sentence. Accordingly, the Court determines that Movant does not properly allege prejudice.

Considering that Movant fails to show objectively ineffective assistance or prejudice related to sentencing, the Court is of the opinion that Movant's claims fail.

5. Appellate Counsel's Failure to Timely Notify Movant of the Filing Deadline for a Panel Rehearing

Movant asserts that appellate counsel provided constitutionally ineffective assistance when he "failed to inform [Movant] of the day the appeal was denied, therefore not giving her the opportunity again of the fourteen days to object on the Appeal Affirmed decision." Mot. 16. The Court infers that Movant claims appellate counsel failed to inform Movant of the deadline to file for a panel rehearing of the Court of Appeals' judgment, pursuant to Rule 40 of the Federal Rules of Appellate Procedure. Movant also alleges that appellate counsel "excused himself as [Movant's] attorney, too late for [Movant] to exercise the right to file Pro Se on the appeals objection," blocking Movant from making her own motion for a panel rehearing. *Id.* However, the Court is of the opinion that Movant's claims fail because they are procedurally barred.

The Fifth Circuit has held that "a criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal as of right." *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). However, "a criminal defendant has no constitutional right to counsel on matters related to filing a motion for rehearing following the disposition of his case on direct appeal." *Jackson v. Johnson*, 217 F.3d 360, 365 (5th Cir. 2000) (holding limited on other grounds). For appeals included within a constitutional guarantee of effective assistance of counsel, Courts apply the two-pronged *Strickland* standard. *Styron*, 262 F.3d at 450. Counsel must "consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000); *see United States v. Bejarano*, 751 F.3d 280, 285 (5th Cir. 2014) (quoting *Flores-Ortega*).

Movant's claims fail because there is no constitutional right to counsel for a panel rehearing. Movant argues that appellate counsel

failed to timely notify her about the denial of her appeal, precluding her from filing for a panel rehearing. However, the constitutional right to effective assistance of counsel ended at the time the Fifth Circuit entered its judgment, and there is no constitutional right to counsel during a panel rehearing. *See Jackson*, 217 F.3d at 365 ("Rehearing at that point is by no means an appeal of right."). Accordingly, Movant cannot make a claim for ineffective assistance against appellate counsel associated with a petition for rehearing. *See id.* at 364 ("[Petitioner] cannot have received constitutionally deficient counsel on his motion for rehearing . . . if he had no constitutional right to counsel for purposes of filing a rehearing motion.").[5]

Even assuming *arguendo* that there is a constitutional right to effective assistance of counsel for a panel rehearing, the Court is of the opinion that appellate counsel provided effective assistance despite not

---

[5] The Court is mindful that *Jackson* applies to a panel rehearing in state court, and that other circuits have come to different conclusions on this issue. *See Taylor v. United States*, 822 F.3d 84, 93 (2d Cir. 2016) (concluding that a "mandate may be recalled when a defendant acts with diligence and offers proof that his CJA counsel failed to provide assistance filing a non-frivolous petition for rehearing or rehearing *en banc* . . . "). Therefore, the Court considers below the possibility that a constitutional right to effective assistance of counsel applies to a panel rehearing.

notifying Movant of the deadline to file a motion for the panel rehearing. First, there is no evidence that a rational defendant would have wanted to file a motion for panel rehearing in the above-captioned cause. A panel rehearing requires a petitioner to plead "each point of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. P. 40(a)(2). Here, Movant does not make any non-frivolous showing that the Fifth Circuit misapprehended law or fact in its judgment in the above-captioned cause. Thus, appellate counsel provided effective assistance because there were no apparent grounds for filing a motion for a panel rehearing.

Similarly, appellate counsel provided objectively reasonable assistance because he did not disregard specific instructions from the Movant to file a motion for a panel rehearing. On November 28, 2017, Movant requested the PSR from appellate counsel, indicating she wished to make objections to the PSR, and on December 4, 2017, Movant requested that appellate counsel verify that the Fifth Circuit had issued a judgment in the cause. However, Movant did not mention a panel rehearing to appellate counsel until December 8, 2017, after the fourteen-day deadline for filing a motion for a panel rehearing had

already elapsed. Accordingly, in the absence of a timely request from Movant for a panel rehearing, the Court determines appellate counsel provided reasonably effective assistance related to the appeal.

Furthermore, appellate counsel provided effective assistance because he did not block Movant from filing a motion for rehearing. Contrary to Movant's assertion, the Fifth Circuit did not deny Movant's petition for rehearing because appellate counsel failed to withdraw from the case. Rather, pursuant to Rule 40 of the Federal Rules of Appellate Procedure, Movant failed to file a petition for a panel rehearing within fourteen days after entry of judgment. *See* Fed. R. App. P. 40(a)(1) ("[A] petition for panel rehearing may be filed within 14 days after entry of judgment."). Thus, appellate counsel did not provide ineffective assistance by failing to timely withdraw.

Lastly, Movant fails to show she was prejudiced by appellate counsel's conduct. Movant missed the filing deadline for a petition for panel rehearing when she knew that the Fifth Circuit had issued a judgment in the above-captioned cause on November 22, 2017, as demonstrated in her e-mail to legal consultant Jeremy Gordon. Therefore, the Court is of the opinion that even if appellate counsel

notified Movant of the Fifth Circuit's judgment and the filing deadline for a panel rehearing, it is unclear whether Movant would have successfully used that information to make a timely pro se filing. Furthermore, Movant alleges no meritorious argument as to how a panel rehearing would have benefited the outcome of her case. Accordingly, the Court concludes that Movant's claims that appellate counsel provided ineffective assistance fail.

The Court is of the opinion that Movant's claims fail because there is no constitutional guarantee of effective assistance of counsel for a panel rehearing. In addition, appellate counsel provided reasonably effective assistance during the appeal, and Movant fails to show prejudice.

## B.   Prosecutorial Misconduct

Movant challenges her sentence by alleging prosecutorial misconduct. She asserts that "Movant's PSR has several false statements from the Prosecution," that the "Prosecutor erred in the testimony that [Movant] signed on loans,"[6] and that the "Prosecution

---

[6] The Court interprets Movant's claim about "loans" as disputing the statements in the PSR which describe how Movant signed various share certificates and checks. PSR ¶¶ 27–29, Sept. 16, 2016, ECF No. 100.

lied about NCUA asking Board of Directors to fire [Movant] in 2011."

Subs. Mot. 2; Mot. 18–19. Movant also alleges that prosecutors failed "to disclose material favorable to the [Movant]," such as "the total amount of the $3.6 million dollars that were in Undivided Earnings posted ad fee income," or "that the Credit union was a 'Low Income Credit Union' and positively unable to have [an authentication] enhancement feature." Mot. 18, 20. The Court is of the opinion that Movant's prosecutorial misconduct claims fail because Movant fails to show cause and prejudice for raising these claims through collateral review, and the prosecution's alleged false statements come from Movant's PSR.

First, Movant's prosecutorial misconduct claims are barred because Movant cannot show cause and prejudice. On direct appeal before the Fifth Circuit, Movant raised issues regarding sentencing enhancements, but did not raise prosecutorial misconduct claims. Accordingly, Movant must show cause and prejudice in order to obtain collateral review of prosecutorial misconduct claims here. *See Massaro*, 538 U.S. at 504 ("[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and

prejudice."). After reviewing Movant's claims, the Court is of the opinion that Movant does not show cause as to why she failed to raise prosecutorial misconduct claims before the Court or on appeal. Moreover, Movant fails to show how she was prejudiced by the alleged prosecutorial misconduct, because she does not specify how preventing prosecutors from making the alleged false statements or failing to disclose evidence would have altered the outcome of her case. Accordingly, Movant's prosecutorial misconduct claims are barred.

Second, the Court notes that Movant's prosecutorial misconduct claims fail because they are largely based on statements drawn directly from Movant's PSR. The Fifth Circuit has held that "[i]f information is presented to the sentencing judge with which the defendant would take issue, the defendant bears the burden of demonstrating that the information cannot be relied upon because it is materially untrue, inaccurate or unreliable." *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991). To show that information cannot be relied upon, a defendant must present adequate rebuttal evidence. *See United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994) ("[T]he court can adopt facts contained in a PSR without inquiry, if those facts had an adequate

evidentiary basis and the defendant does not present rebuttal evidence.").

Movant's claims of prosecutorial misconduct fail because the prosecutor was entitled to rely on the PSR adopted by the Court. Movant had a fair opportunity to present rebuttal evidence to the PSR by motion and during the Court's evidentiary and sentencing hearings. Movant and her counsel did present such evidence and objections, resulting in several revisions of the PSR. However, Movant failed to present rebuttal evidence to facts in the PSR relied on by the prosecution, such as that Movant signed bank documents or that the Board recommended firing Movant.[7] Accordingly, the Court is of the opinion that the Prosecution was entitled to reference these facts adopted by the Court, and Movant may not raise prosecutorial misconduct claims based on these facts.

Movant fails to show cause and prejudice as to her prosecutorial misconduct claims, and does not meet her burden of presenting adequate rebuttal evidence to challenge the prosecution's statements

---

[7] The PSR details Movant signing various share certificates and checks, and indicates that "The EPFCU Board terminated Hernandez." PSR ¶¶ 27–29, 31, Sept. 16, 2016, ECF No. 100.

referencing Movant's PSR. Accordingly, the Court is of the opinion that Movant's prosecutorial misconduct claims fail.

## C.   New Evidence

Movant presents alleged "new evidence" which she claims supports a conclusion that her Codefendant "committed the fraud." Mot. Ex. C, at 3. Specifically, Movant states that an inmate who met Codefendant "realized it was [Codefendant] who had committed the fraud." *Id.* Movant also makes allegations that "in Co-[D]efendant's testimony to Mr. Murray the FBI Agent, she said several lies to the agent." Mot. 15. The Court is of the opinion that Movant's claims are barred on collateral review because Movant fails to allege a violation of a constitutional right, or a fundamental defect in prior proceedings which would allow review of non-constitutional issues.

Movant's claims related to new evidence fail because they are non-constitutional claims which Movant cannot raise on collateral review. Whether Codefendant committed the fraud or lied is an issue of fact related to the merits of the original case before the Court. Movant had an opportunity to raise these issue before the Court, but did not when she pleaded guilty to each of the eleven counts in the Indictment.

Movant also failed to raise any issue related to her Codefendant on appeal. Accordingly, the Court is of the opinion that it cannot review Movant's new evidence within the narrow range of claims available pursuant to 28 U.S.C. § 2255, because it presents a non-constitutional issue which Movant failed to raise on her first direct appeal. *See Vaughn*, 955 F.2d at 368 ("Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.").

Even assuming *arguendo* that Movant might qualify for an exception to the rule that a Movant may only obtain collateral review of constitutional claims, Movant's claims here still fail because she does not allege a fundamental defect in the Court's proceedings. For non-constitutional claims which cannot be raised on direct appeal, a Movant may obtain collateral review by alleging "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). The Court concludes that Movant makes no such showing, as she offers no tangible facts to substantiate her claims about Codefendant. Accordingly, Movant's claims related to new evidence fail.

## IV. EVIDENTIARY HEARING

Movant requests an "evidentiary hearing," or in the alternative for alleged inaccuracies in the PSR, "to be shown in court." Reply 5. The Court is of the opinion that because Movant's Motion is not meritorious, the Court will not hold a hearing.

The Fifth Circuit has held that "Section 2255 requires a hearing unless the motion, files, and record of the case conclusively show that no relief is appropriate." *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). Here, the Court has examined Movant's claims for ineffective assistance of counsel and prosecutorial misconduct, as well as Movant's presentation of new evidence. The Court has conclusively determined from the motions, files and records that Movant's ineffective assistance of counsel claims do not have merit, and her prosecutorial misconduct and new evidence claims are barred. Accordingly, the Court determines that it will not hold an evidentiary hearing. *See id.* ("Finding the complaint devoid of factual or legal merit . . . no hearing is necessary.").

## V. CERTIFICATE OF APPEALABILITY

"A certificate of appealability may issue . . . only if the applicant

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Movant's § 2255 Motion fails because she has not identified a meritorious violation of her constitutional rights or alleged an injury that would, if condoned, result in a complete miscarriage of justice. Additionally, reasonable jurists could not debate the Court's reasoning for the denial of Movant's claims. *Miller El v. Cockrell*, 537 U.S. 322,

327 (2003) (citing *Slack*, 529 U.S. at 484).   Thus, the Court will not issue a certificate of appealability.

## VI.   CONCLUSION

Accordingly, **IT IS ORDERED** that Movant Maria Guadalupe Hernandez's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 246) is **DENIED**, and her civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Movant Maria Guadalupe Hernandez is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this _26_ day of **January, 2020**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE